STATE OF LOUISIANA       *       NO. 2018-KA-0409

VERSUS       *

HORATIO JOHNSON       *       COURT OF APPEAL

      FOURTH CIRCUIT

      *      

      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 521-673, SECTION "0"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
ON REMAND FROM THE UNITED STATES SUPREME COURT

(Court composed of Judge Roland L. Belsome, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

BARTHOLOMEW-WOODS, J., CONCURS IN THE RESULT

Leon Cannizzaro
Donna Andrieu
Irena Zajickova
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

Holli Herrle-Castillo
LOUISIANA APPELLATE PROJECT
P. O. Box 2333
Marrero, LA 70073-2333

      COUNSEL FOR DEFENDANT/APPELLANT

           **JUDGMENT VACATED**
           **AND REMANDED**
           **June 17, 2020**

DNA
RLB

This is a criminal appeal on remand from the United States Supreme Court ("Supreme Court"). Horatio Johnson ("Defendant") was convicted by an eleven-to-one vote of two counts of second degree murder and one count of conspiracy to obstruct justice in connection with the double murders of Kenneth and LaKeitha Joseph.[1] The facts of this case—wherein the bodies of husband and wife, Kenneth and LaKeitha Joseph, were recovered in the Intracoastal Waterway in New Orleans beaten, bound, and weighed down with kettlebells—were set forth by this Court in *State v. Johnson*, 2018-0409 (La. App. 4 Cir. 3/13/19), 266 So.3d 969.

Prior to trial, on August 21, 2017, Defendant filed a pre-trial Motion for Unanimous Jury Verdict.[2] Following trial, the jury unanimously found Defendant guilty of obstruction of justice and returned an eleven-to-one vote on the two second degree murder counts and the conspiracy to obstruct justice count. On appeal, this Court affirmed Defendant's convictions and sentences.[3] *Johnson*,

---

[1] The record before this Court reflects that Defendant was charged with one count of obstruction of justice in addition to two counts of second degree murder and one count of conspiracy to obstruct justice.

[2] The record before this Court does not reflect a ruling on the motion.

[3] Judge Regina Bartholomew-Woods concurred in the result.

1

2018-0409, p. 25, 266 So.3d at 985. In *Johnson*, this Court specifically rejected Defendant's supplemental assigned error that the non-unanimous jury verdict was unconstitutional pursuant to the 2018 amendment of the Article I, § 17 of Louisiana Constitution and La. C.Cr.P. art. 782, "which now mandate[s] unanimous guilty verdicts for offenses punished by confinement at hard labor."[4] *Id.*, 2018-0409, p. 23, 266 So.3d at 983. In rejecting Defendant's supplemental assigned error, this Court articulated that "the statutory amendments requiring unanimous jury verdicts do not declare non-unanimous jury verdicts unconstitutional…" and that "both the Louisiana Supreme Court and the United States Supreme Court have held that a statute permitting non-unanimous jury verdicts in non-capital cases is constitutional." *Id.*, 2018-0409, p. 24, 286 So.3d at 983-84. This Court concluded that "a constitutional provision or amendment has prospective effect only, unless a contrary intention is clearly expressed." *Id.*, 2018-0409, p. 25, 286 So.3d at 985 (citing *State v. Cousan*, 1996-2503, p. 17 (La.

---

[4] The 2018 amendments of Article I, §17 of Louisiana Constitution provide, in pertinent part, that:

> A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

La. C.Cr.P. art. 782 provides that:

> A case in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

2

11/25/96), 684 So.2d 382, 392-393). Thus, this Court found there could be no retroactive application of the 2018 constitutional amendments, and declared Defendant's convictions by non-unanimous jury verdict constitutional. *Id.*

With no Justices voting to grant, the Louisiana Supreme Court denied Defendant's writ application. *State v. Johnson*, 2019-00601 (La. 10/1/19), 280 So.3d 166. On November 25, 2019, Defendant petitioned the Supreme Court. While Defendant's certiorari petition remained pending, the Supreme Court decided *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020)(2020 WL 1906545) and held non-unanimous jury verdicts in state felony prosecutions unconstitutional.[5]

---

[5] In reaching its conclusion, the Supreme Court first reviewed the text of the Sixth Amendment that provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." *Ramos*, 590 U.S. at ___, 140 S.Ct. at 1395. The question to be resolved was what the term "trial by an impartial jury trial" meant at the time the Sixth Amendment was adopted. *Id.* The Court concluded: "[W]hether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward – the answer is unmistakable. A jury must reach a unanimous verdict in order to convict." *Id.* Further, the Court noted it "repeatedly and over many years, recognized that the Sixth Amendment requires unanimity." *Id.*, p. 6. "In all, this Court has commented on the Sixth Amendment's unanimity requirement no fewer than [thirteen] times over more than 120 years." *Id.*, p. 7.

Continuing, the Supreme Court's next question addressed was whether the Sixth Amendment's requirement of unanimity applied equally to the States. This question was likewise resolved affirmatively:

> There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally. This Court has long explained that the Sixth Amendment right to a jury trial is "fundamental to the American scheme of justice" and incorporated against the States under the Fourteenth Amendment. This Court has long explained, too, that incorporated provisions of the Bill of Rights bear the same content when asserted against States as they do when asserted against the federal government. So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court.

*Id.*, 590 U.S. ___, 140 S.Ct. at 1397 (footnotes omitted).

Following *Ramos*, on April 27, 2020, the Supreme Court issued the following order to this Court:

> The motion of petitioner for leave to proceed *in forma pauperis* and the petition for writ of certiorari is granted. The judgment is vacated, and the case is remanded to the Court of Appeal of Louisiana, Fourth Circuit for further consideration in light of *Ramos v. Louisiana*, 590 U.S. ____ (2020). Justice Alito, concurring in the decision to grant, vacate, and remand: In this and in all other case in which the Court grants, vacates, and remands in light of Ramos v. Louisiana, I concur in the judgment on the understanding that the Court is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand.

*Johnson v. Louisiana*, No. 19-6679, ___ U.S. ___, ___ S.Ct. ___, ___L.Ed.2d ___ (2020) 2020 WL 1978936 (Mem).

## DECREE

In light of the order issued by the Supreme Court, Defendant's convictions by non-unanimous jury verdict and respective sentences are vacated and the case is remanded to the district court for further proceedings. Notably, however, we find that Defendant's conviction by unanimous jury verdict for the obstruction of justice count and respective sentence should not be disturbed.

**JUDGMENT VACATED
AND REMANDED**

4